Ronald L. Sirman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 30, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Elliot B. Platt,* for appellant.

*Michael Klein,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 17, 1978:

Ronald Sirman (Claimant) appeals a decision of the Unemployment Compensation Board of Review (Board) denying him benefits predicated upon its determination that Claimant voluntarily terminated his employment without cause of a necessitous and compelling nature. We affirm.

After a remand hearing by this Court for the purpose of taking additional testimony, the Board found that Claimant was last employed by Weniger Specialty Company, Inc. (Employer) as a "cleaner," sanding and smoothing castings; that Claimant has suffered from an asthmatic condition since he was 12 years of age; and that Claimant voluntarily terminated his employment on August 13, 1974.

Though not disputing the Board's determination that Claimant voluntarily terminated his employment, Claimant objects to those findings which support its conclusion that he did so without a compelling and necessitous cause. The disputed findings are as follows:

4. The employer furnishes masks for the employes to wear.

5. Claimant refused to use the masks because he could not smoke cigarettes.

As our Supreme Court noted in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977):

It is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board, or by the referee as the case may be, are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings. . . . The appellate court's duty is to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony, to see if substantial evidence for the Board's conclusion exists. Furthermore, a claimant who alleges that he or she terminated employment

for necessitous and compelling reasons, has the burden of establishing the existence of such reasons. (Citation omitted.)

Claimant, in response to a question of an employer representative, admitted that masks designed to protect the wearer from dust were, in fact, available to him. This employer representative, when questioned by the referee, stated that Claimant had refused to wear the protective mask because it prevented him from smoking. Clearly, these statements support the disputed findings and are conclusive on appeal.

We turn next to Claimant's contention that the Board erred in concluding that he terminated his position without a necessitous and compelling cause. Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b)(1), provides in part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

As the Supreme Court noted in *Taylor, supra,* the burden of proof with respect to this issue is on the claimant. Claimant contends that the lack of adequate protection, combined with his history of asthma, amounts to necessitous and compelling health reasons justifying his voluntary termination. However, having concluded that the Board's findings of fact are supported by the record, we cannot say the Board erred in holding that Claimant failed to meet his burden of showing the existence of a necessitous and compelling cause.

338

Accordingly, we

## ORDER

AND Now, this 17th day of May, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.